IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Teresa Hipple f/k/a Teresa Concepcion<br>3609 W. Buckhorn Trail<br>Phoenix, Arizona 85083 | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No.   12 - |
| SCIX, LLC<br>Steel Seal LLC<br>Steel Seal Pro, LLC<br>73 Old Dublin Pike<br>Doylestown, Pennsylvania 18901 | : | |
| and | : | |
| Brian Hipple<br>3761 Cold Spring Creamery Rd<br>Doylestown, Pennsylvania 18902 | : | |
| and | : | |
| Clement Hipple<br>3761 Cold Spring Creamery Rd<br>Doylestown, Pennsylvania 18902 | : | |
| Defendants | : | |

**COMPLAINT**
Count I
Fraudulent Transfer

**Introduction**

1.      This lawsuit is filed by Teresa Hipple pursuant to the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. §5101 et seq. (the "Act"), to recover assets intentionally and fraudulently transferred and conveyed by, between and among the defendants and others in violation of the Act.

## The Parties

2.	Plaintiff, Teresa Hipple f/k/a Tersa Concepcion, is an adult citizen of the State of Arizona who resides at 3609 W. Buckhorn Trail, Phoenix, Arizona.

3.	Defendant, SCIX, LLC, is a Delaware limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("SCIX").

4.	Defendant, Steel Seal LLC, is a Pennsylvania limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("Steel Seal").

5.	Defendant, Steel Seal Pro LLC, is a Pennsylvania limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("Steel Seal Pro").

6.	Defendant Brian Hipple is an adult citizen of the Commonwealth of Pennsylvania who resides at 3761 Cold Spring Creamery Road, Doylestown, Pennsylvania.

7.	Defendant Clement Hipple is an adult citizen of the Commonwealth of Pennsylvania whose last known address is 3761 Cold Spring Creamery Road, Doylestown, Pennsylvania.

8.	Upon information and belief SCIX, Steel Seal Pro and Steel Seal are related by common ownership, officers, directors, employees, and places and methods of operation and on information and belief Brian Hipple is the president of SCIX, Steel Seal and Steel Seal Pro.

## Jurisdiction and Venue

9. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

10. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C §1391(a)(1) and (2) because the defendants reside within this judicial district, and the events giving rise to the claims set forth herein occurred in this judicial district.

## Background

11. On July 3, 2002 SCIX executed a judgment note in the amount of $250,000 with interest at the annual rate of 8% due on demand and payable to Teresa Hipple.

12. On August 23, 2002 SCIX executed a judgment note in the amount of $100,000 with interest at the annual rate of 8% due on demand also payable to Teresa Hipple.

13. On January 2, 2003 Teresa Hipple made demand upon Brian Hipple, president of SCIX for repayment of both judgment notes in accordance with their terms.

14. SCIX defaulted and refused to repay the notes as required.

15. On February 14, 2003 Teresa Hipple obtained two judgments by confession against SCIX recorded in the Bucks County Court of Common Pleas at case numbers 2003 – 00972 and 2003 – 00974, collectively referred to as the "Judgments."

16. SCIX did not file a petition to open or strike the Judgments and the

Judgments are valid, final, enforceable and unsatisfied.

17. Payments were made by SCIX towards the Judgments with the last payment voluntarily made by SCIX on August 1, 2010, but thereafter SCIX failed and refused to make further payments to satisfy the Judgments.

18. The judgment in Bucks County case number 2003 – 00974 was originally for $252,829.50 and with the application of all payments made, plus interest and fees, the outstanding balance of the judgment was $362,561.41 as of October 1, 2010.

19. The judgment in Bucks County case number 2003 – 00972 was originally for $101,329.50 and with the application of all payments made, plus interest and fees, the outstanding balance of the judgment was $84,002.75 as of September 1, 2010.

20. On September 16, 2010 a Writ of Execution was issued by the Bucks County Court of Common Pleas for case number 2003 – 00974 and the Writ of Execution was served by the Sheriff of Bucks County on Wachovia Bank as Garnishee, and on October 13, 2010 a judgment in the amount $53,524.14 was entered against Wachovia Bank in favor of Teresa Hipple, and $53,524.14 from SCIX's Wachovia Bank account was paid to Teresa Hipple.

21. Since the garnishment of SCIX's Wachovia Bank account, no further payments on the Judgments have been obtained. The current unpaid amount of the combined Judgments including interest is $461,344.04 as of March 1, 2012.

22. Steel Seal was incorporated under the laws of the Commonwealth of Pennsylvania on January 22, 2003.

23. Steel Seal Pro was incorporated under the laws of the Commonwealth of Pennsylvania on October 29, 2010.

24. On about October 7, 2010, after the Writ of Execution was served on SCIX's Wachovia Bank account, SCIX granted a security interest to Clement Hipple.

25. Before and after Teresa Hipple garnished the $53,524.14 from SCIX's Wachovia Bank account, and while Teresa Hipple was a judgment creditor of SCIX, the defendants engaged in a series of fraudulent transactions whereby assets of SCIX were transferred from SCIX to, by and among Steel Seal, Steel Seal Pro, Clement Hipple, Brian Hipple and possibly others unknown to plaintiff with the intent to hinder, delay and defraud Teresa Hipple and prevent her from collecting the Judgments from SCIX.

26. All of the assets of SCIX including without limitation cash, accounts receivable, patents, copyrights, trade names, trademarks, websites, trade secrets, confidential business information, methods of operation, know how, employees, records, furniture, fixtures and equipment were transferred from SCIX to, by and among Steel Seal, Steel Seal Pro, Clement Hipple and Brian Hipple and others unknown to plaintiff without SCIX receiving reasonably equivalent value in exchange for the transfers, in order to defeat, inhibit and prevent Teresa Hipple from executing on the Judgments against SCIX.

27. As the result of the fraudulent conveyances and transfers of SCIX's assets, the remaining assets of SCIX are insufficient for SCIX to meet its obligations to Teresa Hipple, and SCIX was rendered insolvent as the result of the fraudulent transfers and conveyances of its assets.

28. The transfer of SCIX's assets were to insiders controlled by Brian Hipple and others, and Brian Hipple and the others involved retain possession and control of the SCIX assets after the fraudulent transfers and conveyances, which were all transfers

made without the exchange of reasonably equivalent value, and the defendants have concealed their assets from Teresa Hipple to prevent her from executing on the Judgments.

29. The transfer of SCIX's assets and other transfers by, between and among the defendants and others not yet discovered by Teresa Hipple are fraudulent conveyances intentionally done in violation of the Pennsylvania Uniform Fraudulent Transfer Act to hinder, delay and defraud Teresa Hipple to prevent her from collecting her Judgments against SCIX.

WHEREFORE, plaintiff demands judgment in her favor and against each defendant jointly and severally in the amount of $461,344.04 as of March 1, 2012 plus interest going forward at the contractual annual rate of 12% together with costs and reasonable attorney's fees, and plaintiff further requests the Court enter an order:

1. Enjoining the defendants from transferring (a) any legal or equitable interest in all assets, and (b) the proceeds from all assets transferred from SCIX to any defendant or other entity controlled by any defendant alone or together with any other individual or entity; and

2. Enjoining each defendant from transferring any legal or equitable interest in any property or asset of each defendant until further order of this Court; and

3. Avoiding all transfers by any defendant to the extent necessary to enable SCIX to satisfy Teresa Hipple's judgments against SCIX; and

4. Ordering the defendants to disclose to Teresa Hipple the identity and whereabouts of every asset of every type, kind and description owned now or previously owned by any defendant, and further order each defendant to disclose to Teresa Hipple every transaction whereby any asset of any defendant was transferred to any person or entity or conveyed by any means, method or devise since January 2, 2003; and

5. Appointing a receiver to take possession of and safeguard all assets of each defendant pending prosecution of this lawsuit; and

6. Awarding contractual legal fees, expenses, costs and interest against each defendant jointly and severally in favor of Teresa Hipple in accordance with the respective promissory notes giving rise to SCIX's indebtedness to Teresa Hipple; and

7. Granting such other relief required by the circumstances.

Respectfully submitted,
BERKOWITZ · KLEIN LLP

Gerald S. Berkowitz, Esquire
Robert A. Klein, Esquire
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA 19355-1530
610-889-3200
Attorneys for Plaintiff
Teresa Hipple