IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Teresa Hipple f/k/a Teresa Concepcion | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No.   12 – cv – 1256 |
| | : | |
| SCIX, LLC | : | |
| Steel Seal LLC | : | |
| Steel Seal Pro, LLC | : | |
| Brian Hipple | : | |
| Clement Hipple | : | |
| Complete Group, LLC | : | |
| | : | |
| Defendants | : | |

## FIRST AMENDED COMPLAINT

Plaintiff Teresa Hipple hereby files this First Amended Complaint with the written consent of all defendants pursuant to F.R.Civ.P. 15(a)(2) as follows:

### Introduction

1.       This lawsuit is filed by Teresa Hipple pursuant to the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. §5101 et seq. (the "Act"), to recover assets intentionally and fraudulently transferred and conveyed by, between and among the defendants and others in violation of the Act.

### The Parties

2.       Plaintiff, Teresa Hipple f/k/a Tersa Concepcion, is an adult citizen of the State of Arizona who resides at 3609 W. Buckhorn Trail, Phoenix, Arizona.

3.       Defendant, SCIX, LLC, is a Delaware limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("SCIX").

4.          Defendant, Steel Seal LLC, is a Pennsylvania limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("Steel Seal").

5.          Defendant, Steel Seal Pro LLC, is a Pennsylvania limited liability company with its principal place of business located at 73 Old Dublin Pike, Doylestown, Pennsylvania ("Steel Seal Pro").

6.          Defendant Brian Hipple is an adult citizen of the Commonwealth of Pennsylvania who resides at 3761 Cold Spring Creamery Road, Doylestown, Pennsylvania.

7.          Defendant Clement Hipple is an adult citizen who purportedly resides at Calle 42 Norte 4 n 93 La Flora, Cali, Colombia.

8.          Defendant Complete Group, LLC is purported to be a limited liability company organized and existing under the laws of the Federation of St. Kitts and Nevis with a principal place of business at some undisclosed location ("Complete Group"), and Complete Group is owned by Clement Hipple and others unknown to plaintiff.

9.          Upon information and belief SCIX, Steel Seal Pro, Steel Seal and Complete Group are related by common ownership, officers, directors, employees, and places and methods of operation, and on information and belief Brian Hipple is the president of SCIX, Steel Seal and Steel Seal Pro, and Clement Hipple is the president or managing director of Complete Group.

## Jurisdiction and Venue

10.          This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of

different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

11.          Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C §1391(a)(1) and (2) because the defendants reside within this judicial district, and the events giving rise to the claims set forth herein occurred in this judicial district.

**Count I**
**Fraudulent Conveyance**

12.          On July 3, 2002 SCIX executed a judgment note in the amount of $250,000 with interest at the annual rate of 8% due on demand and payable to Teresa Hipple.

13.          On August 23, 2002 SCIX executed a judgment note in the amount of $100,000 with interest at the annual rate of 8% due on demand also payable to Teresa Hipple.

14.          On January 2, 2003 Teresa Hipple made demand upon Brian Hipple, president of SCIX for repayment of both judgment notes in accordance with their terms.

15.          SCIX defaulted and refused to repay the notes as required.

16.          On February 14, 2003 Teresa Hipple obtained two judgments by confession against SCIX recorded in the Bucks County Court of Common Pleas at case numbers 2003 – 00972 and 2003 – 00974, collectively referred to as the "Judgments."

17.          SCIX did not file a petition to open or strike the Judgments and the Judgments are valid, final, enforceable and unsatisfied.

18.          Payments were made by SCIX towards the Judgments with the last payment voluntarily made by SCIX on August 1, 2010, but thereafter SCIX failed and

refused to make further payments to satisfy the Judgments.

19.        The judgment in Bucks County case number 2003 – 00974 was originally for $252,829.50 and with the application of all payments made, plus interest and fees, the outstanding balance of the judgment was $362,561.41 as of October 1, 2010.

20.        The judgment in Bucks County case number 2003 – 00972 was originally for $101,329.50 and with the application of all payments made, plus interest and fees, the outstanding balance of the judgment was $84,002.75 as of September 1, 2010.

21.        On September 16, 2010 a Writ of Execution was issued by the Bucks County Court of Common Pleas for case number 2003 – 00974 and the Writ of Execution was served by the Sheriff of Bucks County on Wachovia Bank as Garnishee, and on October 13, 2010 a judgment in the amount $53,524.14 was entered against Wachovia Bank in favor of Teresa Hipple, and $53,524.14 from SCIX's Wachovia Bank account was paid to Teresa Hipple.

22.        Since the garnishment of SCIX's Wachovia Bank account, no further payments on the Judgments have been obtained. The current unpaid amount of the combined Judgments including interest is $461,344.04 as of March 1, 2012.

23.        Steel Seal was incorporated under the laws of the Commonwealth of Pennsylvania on January 22, 2003.

24.        Steel Seal Pro was incorporated under the laws of the Commonwealth of Pennsylvania on October 29, 2010.

25.        Before and after Teresa Hipple garnished the $53,524.14 from SCIX's Wachovia Bank account, and while Teresa Hipple was a judgment creditor of SCIX, the defendants engaged in a series of fraudulent transactions to move the assets of SCIX from

SCIX to, by and among Steel Seal, Steel Seal Pro, Complete Group, Clement Hipple, Brian Hipple and possibly others unknown to plaintiff with the intent to hinder, delay and defraud Teresa Hipple and prevent her from collecting the Judgments from SCIX.

26.     On October 5, 2010 Brian Hipple purportedly acting on behalf of SCIX executed a promissory note payable to Clement Hipple in the amount of $210,000 (the "Note") in conjunction with the defendants' attempt to transfer and hide assets of SCIX with the intent to hinder, delay and defraud Teresa Hipple and prevent her from collecting the Judgments from SCIX and SCIX received no consideration in support of the obligations undertaken under the Note.

27.     On October 5, 2010, in conjunction with the Note executed by SCIX payable to Clement Hipple, SCIX purportedly executed a document entitled "Security Agreement" to pledge collateral to Clement Hipple to secure repayment of the fraudulently obtained Note.

28.     On October 8, 2010 – without default of the Note or Security Agreement and without authorization or right to do so – Clement Hipple demanded repayment of the Note by SCIX.

29.     On October 13, 2010 – as part of the fraudulent conveyance charade perpetrated by the defendants – Clement Hipple sent a letter to SCIX c/o Brian Hipple, written on the letterhead of Kevin T. Fogerty, Esquire – to exercise his purported rights as a secured creditor of SCIX, and to take possession of the collateral pledged by SCIX as part of the fraudulent conveyance engineered by the defendants to hinder, delay and defraud Teresa Hipple and prevent her from collecting the Judgments from SCIX.

30.     Pursuant to the fraudulent conveyances described herein, Brian Hipple

- 5 -

purported to permit Clement Hipple to "repossess" SCIX's collateral and now Complete Group claims to own the repossessed collateral.

31.         As a result of the fraudulent conveyances and purported transfers of SCIX's assets as described herein, the remaining assets of SCIX are insufficient for SCIX to meet its obligations to Teresa Hipple pursuant to the Judgments, and SCIX was rendered insolvent as a result of the fraudulent transfers and conveyances of its assets.

32.         The fraudulent transfer of SCIX's assets were to insiders controlled by Brian Hipple, Clement Hipple and others, and Brian Hipple, Clement Hipple and the others involved in the fraudulent conveyances still retain possession and control of the SCIX assets after the purported fraudulent transfers and conveyances.

33.         All of the transfers and movement of SCIX assets weres made without the exchange of reasonably equivalent value, and the defendants have concealed their assets from Teresa Hipple to prevent her from executing on the Judgments.

34.         SCIX is the owner of several patents that were not included as part of the collateral purportedly transferred to Clement Hipple as part of the fraudulent conveyances described herein, and the patents remain the property of SCIX and are subject to execution to satisfy the Judgments.

35.         The purported transfer of SCIX's assets and other transfers by, between and among the defendants and others not yet discovered by Teresa Hipple are fraudulent conveyances intentionally done in violation of the Pennsylvania Uniform Fraudulent Transfer Act to hinder, delay and defraud Teresa Hipple to prevent her from collecting her Judgments against SCIX.

            WHEREFORE, plaintiff demands judgment in her favor and against each

- 6 -

defendant jointly and severally in the amount of $461,344.04 as of March 1, 2012 plus interest going forward at the contractual annual rate of 12% together with costs and reasonable attorney's fees, and plaintiff further requests the Court enter an order to:

1. Enjoin each defendant from transferring any legal or equitable interest in all property and assets of each defendant until further order of this Court; and

2. Avoid all transfers by any defendant to the extent necessary to enable SCIX to satisfy Teresa Hipple's judgments against SCIX; and

3. Order each defendant to disclose to Teresa Hipple the identity and whereabouts of every asset of every type, kind and description owned now or previously owned by SCIX, and further order each defendant to disclose to Teresa Hipple every transaction whereby any asset of SCIX was transferred to any person or entity or conveyed by any means, method or devise since January 2, 2003; and

4. Appoint a receiver to take possession of and safeguard all assets of each defendant pending prosecution of this lawsuit; and

5. Award contractual legal fees, expenses, costs and interest against each defendant jointly and severally in favor of Teresa Hipple in accordance with the respective promissory notes giving rise to SCIX's indebtedness to Teresa Hipple; and

6. Grant such other relief required by the circumstances.

## Count II
### Breach of Fiduciary Duties
### Against Brian Hipple and Clement Hipple

36.         Plaintiff hereby incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.         Upon information and belief, Brian Hipple and Clement Hipple are the officers and directors of the corporate defendants, and alone or together with each other and perhaps others unknown to plaintiff, caused SCIX to become insolvent by fraudulently transferring assets of SCIX to themselves, the other defendants and perhaps others without adequate consideration, thereby rendering SCIX unable to satisfy Teresa Hipple's Judgments against SCIX.

38.         As officers and directors of SCIX, Brian Hipple and Clement Hipple each had a fiduciary duty to the creditors of SCIX, including Teresa Hipple, to protect the best interests of SCIX's creditors upon SCIX's insolvency, and Brian Hipple and Clement Hipple each breached his fiduciary duty to SCIX's creditors.

39.         As a direct result of Brian Hipple's and Clement Hipple's breaches of their fiduciary duties to SCIX's creditors, Brian Hipple and Clement Hipple are each jointly and severally liable to Teresa Hipple for payment of the Judgments, together with all costs, including reasonable attorneys' fees and expenses incurred by Teresa Hipple to collect the Judgments.

WHEREFORE, Teresa Hipple demands judgment in her favor against Brian Hipple and Clement Hipple, jointly and severally, in the amount of $461,344.04 as of March 1, 2012, plus interest going forward at the contractual annual rate of 12% together with costs and reasonable attorney's fees.

- 8 -

Respectfully submitted,
BERKOWITZ · KLEIN LLP


Gerald S. Berkowitz, Esquire
Robert A. Klein, Esquire
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA 19355-1530
610-889-3200
Attorneys for Plaintiff
Teresa Hipple

CERTIFICATE OF SERVICE

I, Gerald S. Berkowitz, Esquire, hereby certify that on September 13, 2012

a true and correct copy of plaintiff's First Amended Complaint and all papers included

therewith was served by first class U.S. Mail, postage prepaid upon counsel for the

defendants at the following addresses:

David L. Marshall, Esquire
EASTBURN AND GRAY, P. C.
60 East Court Street
P.O. Box 1389
Doylestown PA 18901-0137

Michael J. Shavel, Esquire
HILL WALLACK LLP
777 Township Line Road, Suite 250
Yardley, PA  19067

BERKOWITZ · KLEIN LLP
Gerald S. Berkowitz, Esquire
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA 19355-1530

610-889-3200

Attorney for Plaintiff