**HILL WALLACK LLP**
BY: Michael J. Shavel, ESQUIRE (Attorney I.D. No. 60554)
BY: Jonathan D. Pavlovcak, ESQUIRE (Attorney I.D. No. 84605)
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone:  (215) 579-7700
Facsimile:  (215) 579-9248
Attorneys for Defendant Complete Group, LLC

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA HIPPLE F/K/A TERESA CONCEPCION, <br><br> Plaintiff <br><br> vs. <br><br> SCIX, LLC; STEEL SEAL, LLC; STEEL SEAL PRO, LLC; BRIAN HIPPLE; CLEMENT HIPPLE, <br> Defendants. | Civ. Action No.: 12-1256 |

### ANSWER OF COMPLETE GROUP, LLC TO THE FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Complete Group, LLC ("Defendant") by way of Answer to Plaintiff Teresa Hipple's ("Plaintiff") First Amended Complaint (the "Complaint") avers as follows:

### Introduction

1.  Admitted in part, denied in part.  It is admitted only that plaintiff Teresa Hipple commenced this action pursuant to the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. § 5101 et seq. (the "Act").  The remaining allegations of this Paragraph state a legal conclusion to which no answer is required.  To the extent that facts are plead, those facts are denied.

### The Parties

2. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 2 of the Amended Complaint. Those allegations are therefore denied.

3. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 3 of the Amended Complaint. Those allegations are therefore denied.

4. Denied.

5. Defendant has insufficient information to either admit or deny the allegations contained in paragraph 5 of the Amended Complaint. Those allegations are therefore denied.

6. Denied.

7. Admitted.

8. Defendant admits that Complete Group, LLC is a limited liability formed under the laws of the Federation of St. Kitts and Nevis.

9. The allegations contained in paragraph 9 of the Amended Complaint state a legal conclusion to which no answer is required. To the extent that facts are plead, those facts are denied.

## Jurisdiction

10. The allegations contained in paragraph 10 of the Amended Complaint state a legal conclusion to which no answer is required.

11. The allegations contained in paragraph 11 of the Amended Complaint state a legal conclusion to which no answer is required. To the extent that Plaintiff asserts the fact that Defendant is a resident of the judicial district, such fact is denied.

## COUNT I

12. The allegations contained in paragraph 12 of the Amended Complaint reference a writing which is not attached to the Amended Complaint. To the extent that the allegations

reference such writing the document speaks for itself. To the extent that facts are plead, those facts are denied.

13. The allegations contained in paragraph 13 of the Amended Complaint reference a writing which is not attached to the Amended Complaint. To the extent that the allegations reference such writing the document speaks for itself. To the extent that facts are plead, those facts are denied.

14. Denied.

15. The allegations contained in paragraph 15 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, the facts are denied.

16. The allegations contained in paragraph 16 of the Amended Complaint reference judicial documents which are not attached to the Amended Complaint. To the extent that the allegations reference such official document the document speaks for itself. To the extent that facts are plead, those facts are denied.

17. The allegations contained in paragraph 17 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those facts are denied.

18. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 18 of the Amended Complaint. Those allegations are therefore denied.

19. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 19 of the Amended Complaint. Those allegations are therefore denied.

20. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 20 of the Amended Complaint. Those allegations are therefore denied.

21. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 21 of the Amended Complaint. Those allegations are therefore denied.

22. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 22 of the Amended Complaint. Those allegations are therefore denied.

23. Denied.

24. Denied.

25. The allegations contained in paragraph 25 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those facts are denied.

26. Denied in part, admitted in part. It is admitted only that at all times relevant SCIX, LLC was indebted to Defendant and that obligations due Defendant by SCIX, LLC was evidenced by a Promissory Note. All other allegations set forth in paragraph 26 are expressly denied.

27. Denied in part, admitted in part. It is admitted only that the Promissory Note executed by SCIX, LLC to Defendant in order to evidence the obligations due and owing by SCIX, LLC to Defendant was secured by a pledge of collateral as more fully set forth in a Security Agreement by and between SCIX, LLC and Defendant. All other allegations set forth in paragraph 27 are expressly denied. By way of further response, the allegations contained in paragraph 27 of the Amended Complaint reference a writing which is not attached to the Amended Complaint. To the extent that the allegations reference such writing the document speaks for itself.

28. Denied in part, admitted in part. It is admitted only that Defendant demanded repayment of the obligations due and owing Defendant by SCIX, LLC. All other allegations set forth in paragraph 28 are expressly denied.

29. Denied in part, admitted in part. It is admitted only that Defendant, pursuant to the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania, exercised his rights as a secured creditor against the collateral securing the Promissory Note evidencing the

obligations due and owing by SCIX, LLC to Defendant. All other allegations set forth in paragraph 29 are expressly denied.

30. Denied.

31. The allegations contained in paragraph 31 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those facts are denied.

32. The allegations contained in paragraph 32 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those facts are denied.

33. The allegations contained in paragraph 33 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those facts are denied.

34. The allegations contained in paragraph 34 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those are denied.

35. The allegations contained in paragraph 35 of the Amended Complaint are a legal conclusion to which no answer is required. To the extent facts are plead, those are denied.

WHEREFORE, Defendant demands judgment in his favor and against the Plaintiff.

## COUNT II

36. The allegations contained in paragraphs 36-38 are not addressed to this Defendant and therefore no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim against Defendant upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the failure or lack of consideration.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Laches.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Release.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Accord and Satisfaction.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Unclean Hands.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by novation of any alleged agreement.

### Tenth Affirmative Defense

Plaintiff's claims are barred, or diminished, to the extent Plaintiffs failed to take proper and reasonable steps to avoid and/or mitigate the damages alleged in the Complaint.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiffs' own contributory negligence.

Respectfully submitted,

/s/ Michael J. Shavel
Michael J. Shavel, Esquire
Jonathan D. Pavlovcak, Esquire
Attorneys for Defendant Complete Group, LLC

## **CERTIFICATE OF SERVICE**

I, MICHAEL J. SHAVEL, ESQUIRE, hereby certify that a true and correct copy of Defendant's Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served by electronic case filing on December 18, 2012 to the following:

| | |
|---|---|
| Gerald S. Berkowitz, Esq. | David L. Marshall, Esq. |
| Berkowitz Klein LLP | Eastburn & Gray, P.C. |
| Swedesford Corporate Center | 60 E. Court Street |
| 629 B Swedesford Road | P.O. Box 1389 |
| Malvern, PA 19355 | Doylestown, PA 18901 |
| Attorneys for Plaintiff | Attorneys for Defendants SCIX, LLC, Steel Seal Pro, LLC, and Brian Hipple |

and by regular, first class mail to the following:

Peter S. Thompson, Esq.
46 K. E. State Street
Doylestown, PA 18901
Attorney for The Estate of Brian Hipple

BY: /s/ Michael J. Shavel
Michael J. Shavel
Attorneys for Defendants