**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERESA HIPPLE, formerly known as "TERESA CONCEPCION," Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **SCIX, LLC, STEEL SEAL, LLC, STEEL SEAL PRO, LLC, CLEMENT HIPPLE, COMPLETE GROUP, LLC, and MELISSA MORENO, Administratrix of the Estate of Brian M. Hipple, Deceased, Defendants.** | **NO.  12-1256** |

**DuBOIS, J.**                                              **August 13, 2014**

**M E M O R A N D U M**

## I. INTRODUCTION

This case arises out of the alleged fraudulent transfer of the assets of defendant SCIX,

LLC ("SCIX"), and the proceeds of those assets, to the remaining defendants, in violation of,

*inter alia*, the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa. Cons. Stat.

Ann. § 5104.

Presently before the Court are (1) Plaintiff's Motion for Summary Judgment Against

Clement Hipple, Complete Group, LLC and Steel Seal, LLC Filed Pursuant to Fed. R. Civ. P. 56

and for Default Judgment Against Melissa Moreno, SCIX, LLC, and Steel Seal Pro, LLC

Pursuant to Fed. R. Civ. P. 55(b)(2) [hereinafter plaintiff's Motion for Summary Judgment]; (2)

defendant Clement Hipple and Steel Seal, LLC's Cross-Motion for Partial Summary Judgment

[hereinafter defendants' Cross-Motion for Partial Summary Judgment]; (3) Plaintiff's Motion for

Injunctive Relief Pursuant to Fed. R. Civ. P. 65 Against All Defendants to Seize Assets and

Prevent the Ongoing Theft of Assets that Are the Proceeds of the Fraudulent Conveyance of the

Assets of SCIX, LLC [hereinafter plaintiff's Motion for Injunctive Relief], treated by the Court

as a Motion for Preliminary Injunction; and (4) defendant Clement Hipple, Steel Seal, LLC, and

Complete Group, LLC's Supplemental Brief Post-Deposition of Plaintiff's Expert, Wayne

Geisser, CPA, in Further Opposition to Plaintiff's Motion for Summary Judgment [hereinafter

defendants' Motion in Limine], treated by the Court as a Motion in Limine to exclude the

proposed testimony of Wayne Geisser.

For the following reasons, all of the Motions presently before the Court are denied except

for that part of plaintiff's Motion for Summary Judgment that requests the entry of default

judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), against defendants Melissa

Moreno, SCIX, and Steel Seal Pro, LLC ("Steel Seal Pro").  Default judgment is entered against

those defendants, and a hearing for the purpose of determining appropriate relief will be

scheduled in due course.

## II. BACKGROUND

### A. SCIX and Steel Seal

Defendant Clement Hipple founded SCIX in 1999.  Pl.'s Mot. Summ. J. at 2 ¶ 2.  The

exclusive business of SCIX was the sale of Steel Seal, an automotive-repair product used to seal

blown head gaskets.  Dep. Clement Hipple, at 25, 30.  SCIX is the assignee of three patents

related to Steel Seal.  Pl. Mot. Summ. J. Ex. B.  In 1999, SCIX entered into a "confidentiality

agreement"[1] with Colonial Chemical Company ("Colonial"), Pl. Reply Mem. Ex. E, whereby

Colonial manufactured Steel Seal for SCIX, and SCIX marketed and sold Steel Seal using the

internet, Pl. Mot. Summ. J. Ex. B at 25–26.

---

[1] Clement Hipple refers to this as a confidentiality agreement in his December 26, 2010 letter to
Colonial Chemical Company.  Pl. Reply Mem. Ex. E.  The Court does not have a copy of the
document.

On January 1, 2001, Clement Hipple transferred his "membership interest"[2] in SCIX to Brian Hipple, his son, for one dollar.  Ans. of Defs. to Pl.'s Mot. Summ. J. at 4 ¶ 3.  Clement Hipple "retain[ed] full voting rights with respect to . . . all matters relating to the affairs of the Company."  Pl. Mot. Summ. J. Ex. U.  The extent Clement Hipple exercised control over SCIX after selling his "membership interest" to Brian Hipple is contested.  Ans. of Defs. to Pl.'s Mot. Summ. J. at 4 ¶ 3.

**B. Judgments Against SCIX**

Plaintiff Teresa Hipple and defendant Clement Hipple were married on March 31, 2001.  Aff. Clement Hipple ¶ 3.  On July 3, 2002, in exchange for loans made to SCIX, SCIX executed a $250,000 judgment note payable to Teresa Hipple.  Pl.'s Mot. Summ. J. at 2 ¶ 6.  On August 23, 2002, to secure an additional loan, SCIX executed a $100,000 judgment note made payable to Teresa Hipple with the same terms and conditions.  *Id.* at 2 ¶ 7.  Both notes were signed by Brian Hipple.  Ans. of Defs. to Pl.'s Mot. Summ. J. at 4–5 ¶¶ 6,7.  The judgment notes were recorded in the Bucks County Court of Common Pleas, and SCIX did not challenge them.  *Id.* ¶¶ 8, 9.

The books of SCIX purport to show loans to two additional creditors: JC Consultant & Leasing Corporation ("JC Consultant") and defendant Clement Hipple.  Ans. of Defs. to Pl.'s Mot. Summ. J. Ex. F.  JC Consultant is an "inactive" business solely owned by Clement Hipple.  Dep. Clement Hipple, at 16, 21.  The loans of JC Consultant are reflected in judgment notes filed in the Bucks County Court of Common Pleas.  Ans. of Defs. to Pl.'s Mot. Summ. J. Ex. 3.  The validity of the JC Consultant notes is contested.  The loans of Clement Hipple are reflected only in the books of SCIX, Pl.'s Mot. Summ. J. Ex. J, and the value of those loans is contested.

---

[2] The document transferring Clement Hipple's interest in SCIX to Brian Hipple refers to Clement Hipple's "membership interest."  Pl. Mot. Summ. J. Ex. U.  The Court adopts that definition.

On April 1, 2010, plaintiff Teresa Hipple and defendant Clement Hipple were divorced. Pl. Mot. Summ. J. at 3 ¶ 11.  On September 16, 2010, the Bucks County Court of Common Pleas issued a Writ of Execution on one of the judgment notes payable to plaintiff.  The Writ of Execution was served by the Sheriff of Bucks County on Wachovia Bank as garnishee, and on October 13, 2010, a judgment in the amount of $53,524.14 was entered against Wachovia Bank in favor of Teresa Hipple.  Pl.'s Mot. Summ. J. at 3–4 ¶ 15.  Wachovia Bank paid plaintiff $53,524.14 from SCIX's bank account.  *Id.*

### C. Transfer of Assets of SCIX to Clement Hipple

On October 5, 2010, nineteen days after the Bucks County Court of Common Pleas issued a Writ of Execution on plaintiff's judgment note, Brian Hipple, acting on behalf of SCIX, signed a promissory note in the amount of $210,000 payable to Clement Hipple.  Pl. Mot. Summ. J. Ex. H.  The promissory note states that it was "in consideration of substantial credit extended to it previously by Clement R. Hipple."  *Id.*  The note also states that "all such principal and interest [are] due and payable immediately upon Creditor incurring, sustaining or expending monies whatsoever in connection with or on account of the Loan, without demand or further notice."  *Id.*  SCIX executed a Security Agreement on the same day to secure the October 5, 2010 promissory note.  Pl. Mot. Summ. J. Ex. I.  The Security Agreement was signed by Brian Hipple.  *Id.*  The UCC Financing Statement accompanying the Security Agreement lists the collateral as "[a]ll business assets" of SCIX.  *Id.*  In describing the collateral, the UCC Financing Statement incorporates "Exhibit A," which lists as collateral, *inter alia*, "websites, QuickBooks, 1-800 number," "Steel Seal Logo, ads, rights to the name, confidentiality agreement with Colonial Chemical, the formula," and Steel Seal inventory.  *Id.*

On October 8, 2010, Clement Hipple sent a letter to Brian Hipple stating that "I am making a formal demand for repayment in full of the amount of $210,000. According to the terms of the Security Agreement you have two days in which to repay the loans or you will be in default of our agreement." Pl. Mot. Summ. J. Ex. K. On October 13, 2010, Clement Hipple sent Brian Hipple a letter stating that he was exercising his "rights as a secured creditor," and that he "will be coming to any locations utilized by SCIX to take possession of that collateral in partial satisfaction of the debt." Pl. Mot. Summ. J. Ex. M. Brian Hipple, on behalf of SCIX, signed a statement on that letter "consent[ing] to an acceptance by you of all collateral repossessed from SCIX, LLC, in satisfaction of the obligation it secures." *Id.*

As set forth in greater detail below, the assets that Clement Hipple obtained in satisfaction of the Security Agreement are in dispute. It is undisputed that Clement Hipple obtained all the items listed in the inventory titled "SCIX physical assets that I have taken." Ans. of Defs. to Pl.'s Mot. Summ. J. at 10 ¶ 6. Among the items listed on the inventory are 572 eight-ounce bottles of Steel Seal and 433 cases of sixteen-ounce bottles of Steel Seal. Ans. of Defs. to Pl.'s Mot. Summ. J. Ex. 10. In his affidavit, Clement Hipple claimed that the product he repossessed "was sold in the same manner and for the same price as SCIX had charged." Aff. Clement Hipple ¶ 67. The amount yielded from those sales is disputed. Clement Hipple "estimated" that the physical assets were sold for $110,000.00. *Id.* Plaintiff asserts that the value of the finished inventory alone, if sold at the prices listed on the Steel Seal website, was $493,988. Pl.'s Resp. to Defs.' Supplemental Mem. in Opp'n to Pl.'s Mot Summ. J. Ex. A at 217–18. No money was remitted to SCIX after the Clement Hipple "repossessed" its assets in satisfaction of the $210,000 note. Pl. Mot. Summ. J. at 7 ¶ 39; Ans. of Defs. to Pl.'s Mot. Summ. J. at 13 ¶ 39.

5

**D. Continued Sale of Steel Seal**

On October 18, 2010, five days after exercising his "rights as a secured creditor," Pl. Mot. Summ. J. Ex. M, Clement Hipple formed Complete Group, LLC ("Complete Group"), incorporated under the laws of the Island of Nevis.  Aff. Clement Hipple ¶ 57; Ans. of Defs. to Pl.'s Mot. Summ. J.  Ex. J.  Complete Group entered into two transactions on the day it was formed.  First, Clement Hipple "assigned" the assets of SCIX to Complete Group for a 50% interest therein.  Aff. Clement Hipple ¶ 55.  Second, Complete Group entered into a Licensing Agreement with Steel Seal Pro, whereby Complete Group "grant[ed] [Steel Seal Pro] an exclusive but conditionally revocable license to market and collect proceeds from customers with respect to a product known as Steel Seal." Pl. Mot. Summ. J. Ex. O.  Steel Seal Pro was formed and owned by Brian Hipple, Clement Hipple's son and the original owner of SCIX.  Ans. of Defs. to Pl.'s Mot. Summ. J.  at 13 ¶ 32.

Pursuant to the Licensing Agreement, Steel Seal Pro paid Complete Group $10,000 per month in exchange for the right to "market and collect proceeds" from the sale of Steel Seal.  Pl. Mot. Summ. J. Ex. O.  On December 26, 2010, Clement Hipple sent a letter to Colonial stating that Complete Group is the "successor in interest to the confidentiality agreement" with Colonial and that the licensing agreement entitled Brian Hipple to "the right to manufacture, produce, store and sell the Steel Seal product."  Pl. Reply Mem. Ex. E.

Brian Hipple died on September 30, 2012.  Pl. Mot. Summ. J. at 10 ¶ 47.  Some time after the death of his son, Clement Hipple transferred the right to manufacture, market and sell Steel Seal to a company he owned, BBB Management LLC ("BBBM").  Pl. Mot. Summ. J. at 11–12 ¶ 55.  BBBM sold Steel Seal using the same website, phone numbers, logo, assets, and means of business previously used by SCIX and Steel Seal Pro.  *Id.*

## III. LEGAL STANDARD

In considering motions for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir.2007).  The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim.  *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir.1982).  After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law" and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment against Clement Hipple, Complete Group, LLC and Steel Seal, LLC on her claim that the transfer of SCIX's assets, pursuant to the October 5, 2010 promissory note and security agreement, was a fraudulent transaction.  Under PUFTA, a transfer is fraudulent as to present and future creditors when:

[T]he debtor made the transfer or incurred the obligation:

> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they came due.

12 Pa. Cons. Stat. Ann. § 5104(a).  There are two genuine disputes of material fact that preclude summary judgment for plaintiff on this claim.

First, plaintiff is not entitled to summary judgment on a theory of actual fraud in this case because the question of "[w]hether a debtor had 'actual intent' to hinder, delay or defraud a creditor is a question of fact."  *Universal Computer Consulting, Inc. v. Pitcairn Enters., Inc.*, No. 03-cv-2398, 2005 WL 2077269, at *7 (E.D. Pa. Aug. 26, 2005).  Section 5104 provides a non-exhaustive list of eleven "badges of fraud" to be used in determining whether a debtor made a fraudulent transfer with "actual intent."  *Klein v. Weidner*, 729 F.3d 280, 284 (3d Cir. 2013) (citing 12 Pa. Cons. Stat. Ann. § 5104(b)).  The uncontested evidence in this case establishes that the transactions by which SCIX disposed of its assets bear many of those badges of fraud.  *See, e.g.*, Pl. Mot. Summ. J. Ex. I (stating that the collateral covered by the Security Agreement included "[a]ll business assets").  Those factors do not, however, "create a presumption that the debtor has made a fraudulent transfer or incurred a fraudulent obligation." 12 Pa. Cons. Stat. Ann. § 5104 cmt. 5.

Defendants cite the affidavit of Clement Hipple, in which he claimed both that he was not an insider of SCIX at the time of the transfer and that he was interested only in collecting a valid

antecedent debt owed to him by SCIX.  Ans. to Pl.'s Mot. Summ. J. Ex. B ¶¶ 9, 32.  Although

uncontested evidence contradicts some of Clement Hipple's assertions, *see, e.g.*, Pl.'s Mot.

Summ. J. Ex. U ("Assignor [Clement Hipple] shall retain full voting rights [in SCIX] . . . ."),

determinations of credibility are not appropriate for summary judgment, *see Anderson*, 477 U.S.

at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge, whether he is ruling on a

motion for summary judgment or for a directed verdict.").

     Second, plaintiff is not entitled to summary judgment because there is a genuine dispute

of material fact regarding the assets that were transferred to Clement Hipple pursuant to the

Security Agreement.  Plaintiff argues that the uncontested evidence in the case establishes that

the assets transferred included the "rights to manufacture, market and sell Steel Seal."  Pl.'s Mot.

Summ. J. at 6 ¶ 26.  Defendants respond that Clement Hipple took only the physical assets of

SCIX.  Ans. to Pl.'s Mot. Summ. J. at 10 ¶ 26.  Both sides cite documentary evidence to support

their position.[3]  Defendants cite the inventory prepared by Clement Hipple describing the

physical assets taken from SCIX, *id.* Ex. 10, and the affidavit of Clement Hipple, wherein he

claims that "The assets listed on the Inventory are the only assets of SCIX that I took in

satisfaction of the Hipple Loans," and "I did not have SCIX transfer any of its patents to me," *id.*

Ex. 2a ¶¶ 46–47.  Plaintiff cites, *inter alia*, both a contradictory declaration of Clement Hipple

submitted to the Bucks County Court of Common Pleas, in which he stated his belief that "SCIX

no longer owned assets, including patents, which were covered by the security interest of

---

[3] Defendants argue that the expert report of Wayne Geisser, which contains a calculation of value
for the assets of SCIX, is not "competent to be considered for summary judgment purposes"
because the expert report was not accompanied by a sworn affidavit.  Ans. Pl.'s Mot. Summ. J. at
5 ¶ 10.  The Court did not rely on Mr. Geisser's report in resolving this Motion because there is a
genuine dispute of material fact as to the precise assets that were transferred.

[Clement Hipple]," Pl.'s Reply at 10, and the December 26, 2010 letter from Clement Hipple to

Colonial, stating:

> My company, Complete Group LLC is now the successor in interest to the
> confidentiality agreement executed between SCIX, LLC and Colonial Chemical
> . . . .  I have entered into a licensing agreement with Brian Hipple . . . .  Under this
> licensing agreement, Brian and Griffin Enterprises have the right to manufacture,
> produce, store and sell the Steel Seal product.

*Id.* Ex. E.

For the foregoing reasons, plaintiff's Motion for Summary Judgment is denied.  The

Court concludes that there are genuine disputes of material fact that require denial of the Motion.

**B. Plaintiff's Motion for Default Judgment**

In plaintiff's Motion for Summary Judgment, she also seeks entry of default judgment

against defendants Melissa Moreno, Steel Seal Pro, and SCIX for failure to respond to the First

Amended Complaint, filed on September 17, 2012.  Neither Steel Seal Pro nor SCIX responded

to the First Amended Complaint, and the Clerk entered a default against them on October 12,

2012.  By Order dated November 19, 2012, the Court substituted defendant Moreno, as

Administratrix of the Estate of Brian Hipple, deceased, for defendant Brian Hipple, and directed

defendant Moreno to respond to the First Amended Complaint by December 10, 2012.  She

failed to do so, and default was entered by the Clerk on December 31, 2012.  Accordingly, that

part of plaintiff's Motion for Summary Judgment that requests entry of default judgment against

defendants Moreno, Steel Seal Pro, and SCIX is granted.  A hearing for the purpose of

determining appropriate relief will be scheduled in due course.

**C. Defendants' Cross-Motion for Partial Summary Judgment**

Defendants argue that the uncontested evidence in this case demonstrates that (1) Steel

Seal, LLC's Cross-Motion for Summary Judgment should be granted because no evidence links

that company to any transaction with SCIX, and (2) Clement Hipple's Cross-Motion for Partial

Summary Judgment should be granted as to plaintiff's claim for breach of fiduciary duty.  The Court rejects defendants' arguments and denies defendants' Cross-Motions.

As to Steel Seal, LLC's Cross-Motion for Summary Judgment, there is a genuine dispute of material fact as to whether Steel Seal, LLC is in possession of proceeds generated by assets conveyed from SCIX to Clement Hipple.  Defendants argue that no evidence links Steel Seal, LLC to any transaction with SCIX.  In support of their argument, defendants cite Clement Hipple's deposition, in which he stated that Steel Seal, LLC is only a corporate shell, and that Steel Seal, LLC conducted no business, held no assets, and had only $250 in its bank account. Cross-Mot. Summ. J. Ex. B at 14, 28–39.

Plaintiff argues in response that Clement Hipple operates a series of corporate alter-egos, such as Steel Seal, LLC, to conduct transactions on his behalf, including the marketing, sale, and production of Steel Seal.  In support, plaintiff cites two Bank of America account summaries for Complete Group, which show that, on at least two occasions, sums of money in excess of $25,000 were wired into the accounts of Complete Group from "Steelseal Ltd."  Pl.'s Resp. in Opp'n to Defs.' Cross-Mot. for Summ. J. Ex. K.  Any proceeds generated by assets fraudulently transferred from SCIX would be subject to the remedies in PUFTA, including "avoidance" and "any other relief the circumstances may require" subject to "applicable principles of equity."  12 Pa. Cons. Stat. Ann. § 5107(a)(1), (3).  Accordingly, Steel Seal, LLC's Cross-Motion for Summary Judgment is denied on the ground that there is a genuine dispute of material fact as to whether Steel Seal LLC has proceeds generated by assets that are the subject of this dispute.

As to Clement Hipple's Cross-Motion for Partial Summary Judgment, there is a genuine dispute of material fact regarding the duties owed by Clement Hipple to the creditors of SCIX. Defendants argue that Clement Hipple could not owe any fiduciary duties to the creditors of

11

SCIX because he was not an insider of SCIX at the time it became insolvent.  Defendants cite Clement Hipple's affidavit, wherein he claims to have transferred his "membership interest" in SCIX to Brian Hipple in 2001.  Ans. to Pl.'s Mot. Summ. J. Ex. B ¶¶ 9–15.  In response, plaintiff cites the document used to memorialize that transaction, which states "Notwithstanding anything herein to the contrary, [Clement Hipple] shall retain full voting rights with respect to the Membership Interest with respect to all matters relating to the affairs of the Company in which members of the Company may cast votes pursuant to the Operating Agreement of the Company."  Pl. Mot. Summ. J. Ex. U.  Clement Hipple's Cross-Motion for Partial Summary Judgment is thus denied on the ground that there is a genuine dispute of material fact as to whether Clement Hipple was an insider of SCIX at the times material to this case.

### D. Plaintiff's Motion for Preliminary Injunction

Plaintiff filed a Motion for Injunctive Relief, pursuant to Federal Rule of Civil Procedure 65, against all defendants seeking, *inter alia*, that (1) $197,823.84 garnished by Complete Group from the bank account of Steel Seal Pro after Brian Hipple's death be turned over to the Court; (2) all proceeds from the sale of Steel Seal be enjoined from being moved, sold, transferred, dissipated, consumed, or conveyed by any means; and (3) an accounting be conducted within thirty days of all assets of the defendants.  The Court treats this as a Motion for Preliminary Injunction and concludes that a preliminary injunction is inappropriate under the circumstances presented.

The party moving for a preliminary injunction must show that (1) the movant has a reasonable probability of success on the merits, (2) irreparable harm would result if the relief sought is not granted, (3) the relief would not result in greater harm to the non-moving party, and (4) the relief is in the public interest.  *See Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir.

2002).  Plaintiff asserts that failure to encumber the assets of defendants would cause her irreparable harm by jeopardizing her future remedy.

The Court rejects plaintiff's argument for two reasons.  First, a preliminary injunction to preserve a future damages remedy is "reserved for extraordinary circumstances."  *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 189 (3d Cir. 1990).  The asset that plaintiff seeks transferred back to SCIX — the right to manufacture, market and sell Steel Seal — is not a finite pool of money that is at risk of being exhausted or extinguished before this case is tried.  To the contrary, Steel Seal Pro, and later BBBM, continue to market and sell Steel Seal using the same website, phone numbers, logo, assets, and means of business previously used by SCIX.  Pl. Mot. Summ. J. at 11–12 ¶ 55.  Plaintiff has thus failed to establish that the injunction is necessary to prevent consumption or dissipation of the specific asset that she seeks transferred back to SCIX. *See Elliot v. Kiesewetter*, 98 F.3d 47, 58 (3d Cir. 1996) ("[A] party . . . may show irreparable injury by showing that the freeze is necessary to prevent the consumption, dissipation or fraudulent conveyance of the assets that the party pursuing the asset freeze seeks to recover in the underlying litigation.").

Second, "[i]f a court imposes a preliminary injunction encumbering a defendant's assets in order to protect a potential future money judgment, the court must make some attempt reasonably to relate the value of the assets encumbered to the likely value of the expected judgment."  *Hoxworth*, 903 F.2d at 197.  As stated above, there is a genuine dispute of material fact as to the precise assets conveyed to Clement Hipple pursuant to the October 5, 2010 Security Agreement.  Thus, the Court cannot structure a preliminary injunction that is reasonably related to the expected relief, and plaintiff's suggestion that "defendants [be] enjoined and prohibited from moving, selling, transferring, dissipating, consuming, conveying by any means, way or

device, or using any asset or proceeds of any asset derived from or related to . . . the product 'Steel Seal'" is clearly overbroad.

Although a preliminary injunction is not warranted in this case, PUFTA allows a creditor to obtain "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim" and "any other relief the circumstances may require" subject to "applicable principles of equity and in accordance with applicable rules of civil procedure."  12 Pa. Cons. Stat. Ann. § 5107(a)(1), (3).  For that reason, plaintiff's Motion for Injunctive Relief is denied without prejudice to her right to seek equitable relief under PUFTA, including an accounting, and any other relief to which she is entitled, at trial.

### E. Defendants' Motion in Limine to Exclude Testimony of Wayne Geisser

In defendants' Supplemental Brief Post-Deposition of Plaintiff's Expert, Wayne Geisser, CPA, in Further Opposition to Plaintiff's Motion for Summary Judgment, defendants argue that the proposed testimony of Mr. Geisser is inadmissible because it fails to comply with Federal Rule of Evidence 702.  The Court treats this submission as a Motion in Limine to exclude the proposed testimony of Mr. Geisser and denies the Motion.

The proposed testimony of Mr. Geisser is based on his expert report, appended to plaintiff's Motion for Summary Judgment, entitled "Expert Report of Wayne D. Geisser, CPA, CVA, CFE, CFF."  Pl. Mot. Summ. J. Ex. G.  In the report, Mr. Geisser stated that he completed a "Calculation of the Value of SCIX," *id.* at 1, in which he found that a reasonably equivalent value for the "transfer of SCIX's assets as of October 13, 2010" would be approximately $1.8 million, *id.* at 4.  To reach this result, Mr. Geisser calculated the total personal withdrawals from SCIX and Steel Seal Pro in the years 2010, 2011, and 2012, which he classified as Sellers Discretionary Earnings ("SDE").  *Id.* 3–4.  Mr. Geisser asserts that one way to value an asset or

company is to use the sale of comparable businesses to find a "multiplier" based on the annual

SDE of each business.  *See id.* at 4.  Mr. Geisser found that comparable businesses were valued

an average of 2.92 times the annual SDE generated by those businesses.  *Id.*  To arrive at his

calculation of the value, Mr. Geisser multiplied the average SDE of SCIX and Steel Seal Pro by

2.92.  *Id.*  Defendants argue that this proposed testimony should be excluded pursuant to the

requirements set forth in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 590–91 (1993).

In *Daubert*, the Supreme Court held that "[f]aced with a proffer of expert scientific

testimony . . . the trial judge must determine at the outset . . . whether the expert is proposing to

testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a

fact in issue." 509 U.S. at 592.   The Supreme Court has clarified that the *Daubert* gatekeeping

function extends beyond scientific testimony to testimony based on "technical" and "other

specialized" knowledge.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  Under

*Daubert*, courts must address a "trilogy of restrictions" before permitting the admission of expert

testimony: qualification, reliability and fit.  *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).

Defendants argue that Mr. Geisser's proposed testimony fails both the fit and reliability

restrictions set forth in *Daubert* because he completed only a limited "Calculation of Value"

rather than a more extensive "Opinion of Value."   A Calculation of Value is an engagement

whereby the "analyst and the client agree on the valuation approaches and methods" and "does

not include all of the procedures required for a valuation engagement [i.e. Opinion of Value]."

Def. Mot. in Limine Ex. C at 13 ¶ 21(b).  An Opinion of Value is an engagement that allows the

analyst to "apply the valuation approaches and methods he or she deems appropriate in the

circumstances," and the result is a "conclusion of value."  *Id.* ¶ 21(a).

The Court rejects defendants' argument and concludes that the proposed testimony of Mr. Geisser is admissible. Both a Calculation of Value and Opinion of Value are engagements approved of by the American Institute of Certified Public Accountants. *See id.* ¶ 21. Mr. Geisser stated during his deposition that he could not complete an Opinion of Value because he had only limited information about the financial records of SCIX. Pl. Resp. to Defs.' Mot. in Limine Ex. A at 192. Mr. Geisser conducted his analysis based on limited available information and his assumptions and methodology are clear. Thus, the appropriate weight to afford Mr. Geisser's proposed testimony will be determined by the Court after cross-examination during trial. *See United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) ("As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process — competing expert testimony and active cross-examination — rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." (quoting *Ruiz–Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 85 (1st Cir.1998))). Accordingly, defendants' Motion in Limine is denied.

## V. CONCLUSION

For the foregoing reasons, the Court denies (1) that part of Plaintiff's Motion for Summary Judgment seeking summary judgment against defendants Clement Hipple, Steel Seal, LLC, and Complete Group; (2) defendants' Cross-Motion for Partial Summary Judgment; (3) Plaintiff's Motion for Injunctive Relief; and (4) defendants' Motion in Limine to exclude the proposed testimony of Wayne Geisser. Plaintiff's Motion for Injunctive Relief is denied without prejudice to plaintiff's right to seek equitable relief under PUFTA, including an accounting, and any other relief to which she is entitled, at trial.

That part of Plaintiff's Motion for Summary Judgment that requests the entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), against defendants Melissa Moreno, SCIX, and Steel Seal Pro is granted.  A hearing for the purpose of determining appropriate relief will be scheduled in due course.

An appropriate order follows.