IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA HIPPLE f/k/a<br>TERESA CONCEPCION | : | CIVIL ACTION |
| | : | |
| v. | | |
| | : | |
| CLEMENT HIPPLE | | NO. 12-1256 |

**<u>MEMORANDUM IN SUPPORT OF DEFAULT JUDGMENT ORDERS</u>**

THOMAS J. RUETER                                                                             March 1, 2016
United States Magistrate Judge

On January 27, 2016, the court issued a Memorandum of Decision ("Mem. of Dec."), <u>see</u> 2016 WL 320216 (E.D. Pa. Jan. 27, 2015), and a Judgment in favor of plaintiff Teresa Hipple ("Plaintiff") and against defendant Clement Hipple ("Defendant") in the amount $304,851.12, plus prejudgment interest. (Doc. Nos. 165, 166.) On March 1, 2016, the court entered an Amended Judgment Order. The background of this matter and the underlying litigation are set forth in detail in the court's Memorandum of Decision and the court incorporates its Findings of Fact ("FF") and Conclusions of Law ("CL") in the Memorandum of Decision herein.

A default judgment hearing was held on February 10, 2016, pursuant to Federal Rule of Civil Procedure 55(b)(2), to address Plaintiff's request for judgments against the following former defendants in the above captioned case against whom defaults have been entered: SCIX, LLC ("SCIX"), Steel Seal LLC, Steel Seal Pro, LLC, Complete Group, LLC, and Melissa Moreno, Administratrix of the Estate of Brian M. Hipple, Deceased ("Melissa Moreno,

Administratrix"). At the Hearing, plaintiff sought two remedies:[1] (1) a money judgment against SCIX and Melissa Moreno, Administratrix for amounts due under two loans made by Plaintiff to SCIX and evidenced by two promissory notes ("Plaintiff's Notes"); and (2) an order that Melissa Moreno, Administratrix assign/transfer to Plaintiff all of the rights of SCIX in three Patents.[2] Plaintiff's counsel states that the second requested remedy, i.e., the assignment/transfer of the Patents to Plaintiff, is necessary in order for Plaintiff to execute on two judgments she holds against SCIX recorded in the Court of Common Pleas for Bucks County. (Mem. of Dec. FF Nos. 18-21.)[3] Counsel asserts that a judgment holder may not execute directly against a patent, but that the owner of the patent must assign or transfer the patent to the judgment holder.

The court will grant Plaintiff's request for money judgments against SCIX and Melissa Moreno, Administratrix, but is compelled to deny the request for an order relating to the assignment of the Patents.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "A judgment in a

---

[1] Plaintiff counsel stated that plaintiff does not request that judgments be entered in favor of Plaintiff and against the following defaulted defendants Steel Seal LLC, Steel Seal Pro, LLC and Complete Group, LLC, because these three corporations do not have assets.

[2] At the time of his death, Brian Hipple owned ninety-nine (99%) percent of SCIX. The remaining one (1%) was owned by Scientific Chemicals, Inc., a company owned 100% by defendant Clement Hipple. (Mem. of Dec. FF Nos. 4, 12.) SCIX was the assignee of three certain patents at issue herein (the "Patents"); the Patents are owned by SCIX. (Mem. of Dec. FF Nos. 5, 45-46, 48, 51, CL No. 29.) Defendant contends that two of the Patents lapsed in 2006 because of failure to pay required maintenance fees, but that SCIX could request that the Patent Office reinstate the lapsed Patents. (Mem. of Dec. FF No. 6.)

[3] Plaintiff's state court judgments are based upon amounts due under Plaintiff's Notes. (Mem. of Dec. FF Nos. 18-21.)

default case that awards relief that either is more than or different in kind from that requested originally is null and void and defendant may attack it collaterally in another proceeding." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2663, at 173-75 (2014). The rationale behind Rule 54(c) is that "the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to  defend the action." Id. at 171. It would be "fundamentally unfair" to allow the court to give a different type of relief than sought in the complaint. Id. at 171-72. See also Int'l Union of Operating Engineers of Eastern PA and Del. Benefit Fund v. N. Abbonizio Contractors, Inc., 2015 WL 7273466, at *2 (E.D. Pa. Nov. 18, 2015) (refusing to enter a default judgment for liquidated damages in an amount greater than amount demanded in complaint).

In the Amended Complaint, Plaintiff did not seek the assignment/ transfer of the Patents to Plaintiff. In her Amended Complaint, Plaintiff only asserts that the Patents are owned by SCIX and are subject to execution to satisfy her judgments. (Amended Complaint ¶ 34.) When Ms. Moreno defaulted, it was not clear from the Amended Complaint that she would later be required to assign the Patents to Plaintiff if she did not contest the action as part of the default judgment proceeding. For this reason, this court cannot, at this stage of the proceedings, order Ms. Moreno to assign or transfer the Patents to Plaintiff. In the Amended Complaint, it is clear that Plaintiff sought an award of money. Therefore, the court will enter judgement orders in favor of Plaintiff and against SCIX and Ms. Moreno, as Administratrix of the Estate of Brian M. Hipple, in the amount outstanding under Plaintiff's Notes. As of February 10, 2016, the amount due from SCIX to Plaintiff under Plaintiff's Notes, including simple interest, is $556,530.99, with interest accruing at the annual default rate of twelve (12% ) percent ($111.33 per day) from

February 10, 2016 forward until paid in full, plus attorneys' fees and costs.  Plaintiff may pursue all means available to her to execute on the Judgments, including seeking any appropriate aid in execution.  <u>See</u> Fed. R. Civ. P. 69.

  Judgment Orders will be filed.

              BY THE COURT:

              /s/ Thomas J. Rueter
              THOMAS J. RUETER
              United States Magistrate Judge