IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA HIPPLE f/k/a<br>TERESA CONCEPCION | : | CIVIL ACTION |
| | : | |
| v. | | |
| | : | |
| CLEMENT HIPPLE | | NO.  12-1256 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                                          April 13, 2016
United States Magistrate Judge

       Presently before the court is Plaintiff's Motion for Post Trial Injunctive Relief (Doc. 177) and Motion for a Temporary Restraining Order and Injunctive Relief (the "TRO Motion," Doc. 178), to which no responses were filed by any defendant.  These two motions shall be collectively referred to herein as the "Motions."  A hearing was held on April 12, 2016.  Defendant Clement Hipple and counsel for Melissa Moreno, Administratrix of the Estate of Brian Hipple, appeared.  For the reasons that follow, the Motions are granted to the extent stated herein.  The Motions are granted insofar as the court hereby appoints a Receiver for the judgment-debtor, SCIX, LLC ("SCIX").[1]  The court hereby appoints Gerald S. Berkowitz, Esquire, attorney for Teresa Hipple, as the Receiver, who, as the legal representative, has the full authority to apply to the United States Patent and Trademark Office ("USPTO") to  reinstate all of the patents owned by SCIX, pursuant to 35 U.S.C. § 41(c) and to convey, grant, assign or sell them, pursuant to 35 U.S.C. § 261.  See McClaskey v. Harbinson-Walker Refractories, Co., 138

---

       [1]     The court reserves ruling on other requests for relief by plaintiff until after completion of discovery in aid of execution.

F.2d 493, 495 (3d Cir. 1943) (The term "legal representatives" used in 28 U.S.C. § 261 includes: master, trustee, or other officer designated by a court to assign a patent.).

The court makes the following Findings of Fact and Conclusions of Law:

1. On January 27, 2016, this court issued a Memorandum of Decision wherein the court made certain findings of Fact and Conclusions of Law after a bench trial held in July, 2015.  See Hipple v. Hipple, 2016 WL 320216 (E.D. Pa. Jan. 27, 2016).  As a result, on March 1, 2016, this court entered a Judgment in favor of plaintiff, Teresa Hipple and against defendant, SCIX, in the amount of $556,530.99.

2. In that Memorandum of Decision the court found that SCIX was the owner of three patents:

    (i) On December 12, 2000, the USPTO issued U.S. Patent No. 6,159,276 (sealing system for combustible engines) ("Patent 1").

    (ii) On December 4, 2001, the USPTO issued U.S. Patent No. 6,324,757 (method for repairing an engine cooling system) ("Patent 2").

    (iii) On November 18, 2003, the USPTO issued U.S. Patent No. 6,647,622 (repairing an engine cooling system) ("Patent 3").

Id. at *2.

3. In addition to the judgment against SCIX entered by this court, Teresa Hipple obtained judgments against SCIX from the Court of Common Pleas for Bucks County, Pennsylvania, at Case Nos. 2003-00972 (in the amount of $101,329.50) and 2003-00974 (in the amount of $252,829.55).  Id. at *4.

4.  On April 12, 2012, the Honorable Robert O. Baldi of the Court of Common Pleas for Bucks County ordered SCIX to reinstate Patent 3, and further ordered SCIX to sell Patent 3 and to pay the proceeds from that sale to plaintiff on account of her judgments. SCIX reinstated Patent 3, but did not sell it. Id. at *7.

5.  In October, 2010, defendant Clement Hipple foreclosed on all the assets of SCIX, except the three patents. As a result, Clement Hipple received approximately $247,000.00 in proceeds from the sale of SCIX assets. Id. at *14. Teresa Hipple, as a creditor of SCIX, did not receive any of these proceeds.

6.  As a result of Clement Hipple's forceclosure action against SCIX, the vast majority of its assets were obtained by Clement Hipple and as a result, SCIX ceased as an operating business. SCIX, as a limited liability company, has been dissolved pursuant to 15 Pa. Cons. Stat. Ann. § 8971. The only SCIX assets remaining are its patents, which lapsed due to the actions of Clement and his son, Brian Hipple.[2]

7.  On February 19, 2016, Judge Baldi of the Bucks County Court of Common Pleas ordered SCIX to reinstate the Steel Seal patent, and either sell the patent and pay

---

[2] According to Clement Hipple, SCIX ceased paying the maintenance fees to the USPTO in 2006. See TRO Motion Ex. G. At the time, SCIX was controlled by Clement and Brian Hipple. As determined by this court, Clement Hipple improperly began collecting royalties from the sale of the SCIX patented product in 2006 at about the same time he caused SCIX to stop paying the maintenance fees. See Hipple v. Hipple, 2016 WL 320216, at *15-16 (E.D. Pa. Jan. 27, 2016). Clement Hipple defends his current company's sales of the SCIX patented product, without paying royalties to SCIX, because he claims the SCIX patents are now in the "public domain" because SCIX failed to pay the maintenance fees. See TRO Motion Exs. G and H. Thus, the decision by the Hipples to stop paying the maintenance fees to the USPTO benefited Clement Hipple and deprived SCIX of royalties from licensing the patented product.

the proceeds to plaintiff, or transfer the patents to Teresa Hipple. SCIX has not complied with this order.

8. In view of this history, plaintiff, Teresa Hipple, has moved for various forms of equitable relief. The court finds appropriate equitable relief here to be the appointment of a receiver for SCIX. The court finds it has the authority to appoint a receiver to aid in the execution of the judgment against SCIX entered in this case. See Fed. R. Civ. P. 69; 28 U.S.C. § 754; 15 Pa. Cons. Stat. Ann. § 8973(b); Maxwell v. Enterprise Wall Paper Mfg. Co., 131 F.2d 400, 403 (3d Cir. 1942) (Granting a creditor's request for the appointment of a receiver is a matter of discretion for the court.); Bogosian v. Foerderer Tract Comm., Inc., 399 A.2d 408, 411 (Pa. Super. Ct. 1979) (Appointment of a receiver for the purpose of liquidating an asset is within the discretion of the court.).

9. Before appointing a receiver, a federal district court may consider the following equitable factors:

 (1) the probability of the plaintiff's success in the action;

 (2) the possibility of irreparable injury to the plaintiff's interest in the property;

 (3) the inadequacy of the security to satisfy the debt;

 (4) the probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim;

 (5) the financial position of the debtor;

 (6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered;

 (7) the inadequacy of available legal remedies;

      (8)    the lack of a less drastic equitable remedy; and

      (9)    the likelihood that appointing a receiver will do more harm than good.

Mfrs. and Traders Trust Co. v. Minuteman Spill Response, Inc., 999 F.Supp. 2d 805, 816 (W.D. Pa. 2013). After application of these factors, the court finds plaintiff obtained a judgment for a substantial amount of money against SCIX. SCIX is not an operating entity and its only remaining assets are the patents; plaintiff will be irreparably harmed if she is unable to recoup money from the sale of the patents. No other creditor has a security interest in the patents. Furthermore, time is of the essence as two of these patents were issued approximately fifteen years ago, and will expire in the near future. Furthermore, plaintiff has exhausted all other remedies. SCIX has not complied with Judge Baldi's order to reinstate and sell the patents. Accordingly, the appointment of a receiver is the only appropriate and proper remedy at this time. See Mishcon De Reya New York, LLP v. Grail Semiconductor, Inc., 2012 WL 5512240 (S.D. N.Y. Nov. 13, 2012) (court appointed receiver to sell patent to satisfy judgment); Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp., 2006 WL 297451 (E.D. N.Y. Feb. 8, 2006) (same).

      An appropriate order follows.

                                                          BY THE COURT:

                                                          /s/ Thomas J. Rueter  
                                                          THOMAS J. RUETER  
                                                          United States Magistrate Judge