IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA HIPPLE f/k/a<br>TERESA CONCEPCION | : | CIVIL ACTION |
| | : | |
| v. | | |
| | : | |
| CLEMENT HIPPLE | | NO.  12-1256 |

## MEMORANDUM ORDER

AND NOW, this 19th day of July, 2016, upon consideration of plaintiff's Motion for Sanctions Against Clement Hipple for Contempt of Court for His Ongoing, Knowing and Intentional Violations of the Court's Orders (the "Motion for Sanctions," Doc. No. 195), defendant's response thereto (Doc. No. 198), and after a hearing on July 15, 2016, it is hereby

## ORDERED

that the Motion for Sanctions is **GRANTED** to the extent set forth herein.  Defendant shall pay to plaintiff all reasonable counsel fees and expenses incurred by counsel in drafting the Motion for Sanctions and preparing or and attending the July 15, 2016 hearing.[1]

---

[1]    By Order dated May 10, 2016 (Doc. No. 192), upon consideration of plaintiff's Motion for a Charging Order (Doc. No. 189), this court ordered defendant Clement Hipple, within fourteen days of the date of that order, to "transfer to plaintiff his membership interest in BBB Management Group, LLC ('BBBM')."  Defendant willfully failed to comply with the court's order.  This court does not credit defendant's statement that he did not receive a copy of the court's order.  The official court docket reveals that the order was sent to defendant by e-mail.  Defendant confirmed at the hearing that service by e-mail was the proper method of service of official court documents to his attention in this litigation.  At the July 15, 2016 hearing, defendant executed a document transferring his interest in BBBM and now has complied with the court's order.  As a sanction for his willful failure to comply with the court's order in a timely manner, defendant shall pay to plaintiff reasonable counsel fees and expenses incurred by counsel in drafting the Motion for Sanctions and in preparing for and attending the July 15, 2016 hearing on the Motion for Sanctions.

   By Order dated April 12, 2016 (Doc. No. 184), after a hearing at which defendant admitted that he had not properly responded to plaintiff's discovery requests in aid of execution, this court ordered defendant to "submit full and complete responses to the Discovery Request,"

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

on or before April 26, 2016.  Thereafter, plaintiff submitted a letter to the court dated April 29, 2016, stating that defendant failed to fully respond to plaintiff's discovery in aid of execution.  By Order dated May 10, 2016 (Doc. No. 193), this court ordered defendant to confer with plaintiff and to fully respond to plaintiff's discovery in aid of execution.  In the Motion for Sanctions, plaintiff contends that defendant provided inadequate, unverified and false responses to plaintiff's discovery in aid of execution.  See Motion for Sanctions.  At the hearing, defendant testified under oath.  The court finds that defendant did not comply with this court's orders to submit full and complete responses to plaintiff's discovery in aid of execution.  For example, defendant failed to disclose the amount of cash he had on hand in his response to an Interrogatory requesting he disclose his "assets."  Defendant admitted that his responses were incomplete and untruthful, and the court rejects defendant's explanation that he did not understand the questions posed.  As a sanction for his willful failure to comply with the court's orders, defendant shall pay to plaintiff reasonable counsel fees and expenses incurred by counsel in drafting the Motion for Sanctions and in preparing for and attending the July 15, 2016 hearing on the Motion for Sanctions.  Counsel shall submit a fee application to the court for approval.  See Fed. R. Civ. P. 37(b); Roadway Exp. Inc. v. Piper, 447 U.S. 752, 753 (1980) ("Rule 37(b)'s sanctions for failure to comply with discovery orders . . . must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of a deterrent.").  See also McMahan & Co. v. PO Folks, Inc., 206 F.3d 627, 634 (6th Cir. 2000) (award of attorney fees is appropriate for civil contempt in sanctions where court orders have been violated – especially when a judgment creditor is "forced to expend a significant amount of money in attorney's fees to recover money clearly owed to it").

To the extent that plaintiff requests additional equitable relief, such as an order requiring defendant to pay the money judgment, the court refers plaintiff to the court's May 10, 2016 order (Doc. No. 192) at footnote 2, in which the court explained limitations on its ability to depart from the general rule that money judgments are enforced by means of writs of execution rather than through the contempt powers of the court.